THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY ENG,

    Plaintiff,

vs.

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE
DEPARTMENT,

    Defendants.
_____/

PLAINTIFF DEMANDS
A JURY

**COMPLAINT**

The plaintiff, Mary Eng, by her attorneys, Richard J. Katz, LLP, states, upon information and belief that at all times material herein:

1. Plaintiff is a resident of Queens County, New York.

2. Plaintiff is an employee of the defendant New York City Police Department and has been since December 8, 1980.

3. The defendant City of New York is a municipal corporation with its principal place of business in New York County.

4. The New York City Police Department is a subsidiary and/or division and/or department of the City of New York and its principal place of business is in New York County.

5. The defendants, jointly and/or severally are the employer of the plaintiff.

6. This Court's jurisdiction arises under 28 USC 1331, federal question jurisdiction, and the Equal Pay Act, 29 USC 206 and following and 42 U.S. Code 2000(a) and following.

7. The pending action includes claims for damages for unequal payment of wages based on gender and/or age in violation of the Equal Pay Act. The Equal Pay Act provides strict liability without proof of discriminatory intent.

8. The cause of action for unequal wages based on gender violates the Equal Pay Act.

9. The cause of action for unequal wages based on age violates the Age Discrimination in Employment Act.

10. Plaintiff has been a dutiful and diligent employee of the New York City Police Department for over 34 years.

11. Plaintiff has been in her current position since March 2007 as a Managerial Criminalist II.

12. At the present time and since 2007 there have been either three or four Managerial Criminalist II employees assigned to the same police laboratory performing the same or similar job duties.

13. The plaintiff is the second-longest tenured Managerial Criminalist II of all currently employed Managerial Criminalist II employees of the defendants.

14. On information and belief, John Doe 1, a younger male Managerial Criminalist II performing the substantially similar or

lesser job duties as the plaintiff is paid higher sums than the plaintiff, on information and belief approximately $11,000.00 per year.

15. On information and belief, John Doe 2, a younger male Managerial Criminalist II performing the substantially similar or lesser job duties as the plaintiff is paid higher sums than the plaintiff, on information and belief approximately $9,000.00 per year.

16. Upon information and belief, Jane Doe 1 is an approximately 40-year-old female employed as a Managerial Criminalist II who also, upon information and belief makes approximately $9,000.00 a year more than the plaintiff for the similar or lesser work.

17. The conduct of the employer paying the female employee with the longest tenure less wages than two males performing the same or similar work violates the Equal Pay Act.

18. The conduct of the employer in paying the female employee with the longest tenure less wages than a recently hired younger female Managerial Criminalist II violates the Equal Pay Act.

19. Plaintiff attempted to avoid this lawsuit by a writing to the employer and by voluntary participation in an employer sponsored "EEO" session. The session was unsuccessful.

20. The conduct of the employer is willful and/or reckless in that the "EEO response" was a meaningless wordy response and the prolix verbiage used by the employer as a purported explanation of its improper pay practices has previously been rejected as an Equal Pay Act defense by a court sitting in the Southern District of New York.

21. The employer's conduct is willful and/or reckless within the meaning of the Equal Protection Act entitling the plaintiff to three years back pay rather than two years back pay.

22. The plaintiff seeks back pay for a period of three years from the time of her initial complaint plus interest; front pay or an order directing that her pay be equal to other Managerial Criminalist II employees and for attorneys' fees and costs of bringing this claim and lawsuit.

## SECOND CAUSE OF ACTION

23. The plaintiff hereby incorporates by references Paragraphs 1 through 22.

24. The described conduct of the employer violates the New York State Human Rights Law, Executive Law §§ 296 and following by discriminating based on gender by paying a female Managerial Criminalist II with more seniority less than a male Managerial Criminalist II.

25. The employer's violations, past and ongoing, of the Executive Law have caused distress and economic harm, both past and future to the plaintiff.

26. For the New York State law employer violations, the plaintiff has not submitted to any administrative forum and has elected a judicial remedy.

27. According to proof, plaintiff seeks back pay plus interest; front pay or an order of this Court equalizing her pay with other Managerial Criminalist II employees of the defendant; distress damages; attorneys' fees, and such other and further relief as the Court may deem just and proper in the premises.

### THIRD CAUSE OF ACTION

28. Plaintiff hereby incorporates Paragraphs 1 through 22 of the complaint.

29. The described conduct of the employer violates the New York State Human Rights Law, Executive Law §§ 296 and following by discriminating by paying plaintiff a lesser wage based on age by paying a recently hired, younger female Managerial Criminalist II.

30. The employer's violations, past and ongoing, of the Executive Law have caused distress and economic harm, both past and future to the plaintiff.

31. For the New York State law employer violations, the plaintiff has not submitted to any administrative forum and has elected a judicial remedy.

32. According to proof, plaintiff seeks back pay with interest; front pay or an order of this Court equalizing her pay with other Managerial Criminalist II employees of the defendant; distress damages; attorneys' fees, and such other and further relief as the Court may deem just and proper in the premises.

## FOURTH CAUSE OF ACTION

33. Plaintiff incorporates Paragraphs 1 through 22.

34. The employer violated the New York City Human Rights Law by discriminating based on gender by paying a female Managerial Criminalist II with more seniority less wages than male Managerial Criminalist IIs for similar or lesser duties.

35. The employer's violations of the New York City Human Rights Law have caused distress and continue to cause distress; the violations have caused economic harm, past and future, including the need for attorneys' fees to rectify the situation.

36. As to the New York City law remedy, plaintiff has made her election to pursue judicial remedies in lieu of any administrative proceeding.

37. Plaintiff seeks back pay plus interest; front pay until salary equalized; distress damages, past and future, and

attorneys' fees and such other and further relief as the Court may deem just and proper in the premises.

### FIFTH CAUSE OF ACTION

38. The plaintiff hereby incorporates Paragraphs 1 through 22.

39. The employer violated the New York City Human Rights Law by discriminating based on age by paying a senior female Managerial Criminalist II less wages than a recently higher younger female Managerial Criminalist II approximately 15 years younger than the plaintiff.

40. The employer's violations of the New York City Human Rights Law have caused distress, past and ongoing; as well as economic harm, past and ongoing, including attorneys' fees.

41. The plaintiff seeks damages to equalize past back pay plus interest; an order equalizing current and future pay; an amount subject to proof for distress damages, past and future; and for attorneys' fees for having to rectify this situation and pursue this lawsuit.

WHEREFORE, the plaintiff seeks judgment against the defendants and each of them, for back pay according to proof plus interest; for front pay until such time as the pay discrepancy is rectified; distress damages past and ongoing according to proof; plus attorneys' fees and costs pursuant to federal statute and/or state statute and/or New York City Administrative Code.

Dated: New York, New York

February 19, 2015.

_____
Richard J. Katz
RICHARD J. KATZ, LLP
80 Broad Street, 33rd Floor
New York, New York 10004
(212) 233-1515