```
UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
MARY ENG,

                    Plaintiff,

           v.                              15 Civ. 1282 (DAB)
                                           MEMORANDUM & ORDER
THE CITY OF NEW YORK and THE NEW YORK
POLICE DEPARTMENT,

                    Defendants.
--------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Plaintiff Mary Eng ("Plaintiff") filed this action on February 23, 2015 against Defendants New York City Police Department and the City of New York alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Plaintiff maintains that Defendants discriminated against her by providing greater compensation to younger male and female employees with less seniority and similar job responsibilities. Before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, Defendants' Motion to Dismiss is GRANTED.

I. BACKGROUND

The following facts are drawn from the Complaint and are assumed true for purposes of the instant Motion.

Plaintiff Mary Eng is a resident of Queens County, New York. (Compl. ¶ 1.) Since 1980, Plaintiff has been employed by Defendant New York City Police Department ("NYPD"), an agency of the City of New York (the "City"), a municipal corporation organized under New York law. (Id. ¶¶ 2-4.) Plaintiff has occupied her current position as a Managerial Criminalist II since 2007. (Id. ¶ 9.)

Plaintiff alleges that two younger men and a forty-year-old woman, each employed as a Managerial Criminalist II and "performing the substantially similar or lesser job duties" as Plaintiff, are paid between $9,000 and $11,000 more than Plaintiff on an annual basis. (Id. ¶¶ 14-16.) Plaintiff alleges that "since 2007 there have been either three or four Managerial Criminalist II employees" at her lab, and that she is the "second-longest tenured" of those currently employed. (Id. ¶¶ 12-13.) Plaintiff does not specify her own age, or the age of the younger men who receive greater compensation.

II. DISCUSSION

A. Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Claim

For a complaint to survive a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation and alteration omitted). "In keeping with these principles," the Supreme Court has stated,

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

3

> provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.

In considering a motion under Rule 12(b)(6), a court must accept as true all factual allegations set forth in a complaint and draw all reasonable inferences in favor of the plaintiff. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). However, this principle is "inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, which, like a complaint's "labels and conclusions," Twombly, 550 U.S. at 555, are disregarded. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

B. Defendants' Motion to Dismiss for Failure to State a Claim
    1. Plaintiff's Claims Against the NYPD

Defendants move for dismissal of all claims against the NYPD. (Defs.' Mem. 1 n.1.) "[T]he NYPD is a non-suable agency of the City." Jenkins v. City of New York, 478 F.3d 76, 95 (2d Cir. 2007). Defendants' Motion to Dismiss Plaintiff's claims against the NYPD is therefore GRANTED.

4

2. Plaintiff's Equal Pay Act Claims

The Equal Pay Act ("EPA") prohibits employers from discriminating among employees on the basis of gender by paying higher wages to employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). "[T]o to prove a violation of the EPA, a plaintiff must demonstrate that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254-55 (2d Cir. 2014) (internal quotation marks omitted). To satisfy the equal work standard, "a plaintiff must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications." Id. at 255.

Thus, to withstand Defendants' Motion to Dismiss, Plaintiff's Complaint "must include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employees' job content was substantially equal." Id. at 256. Plaintiff has alleged only that younger male employees with the same title "perform[] the substantially similar or lesser job duties." (Compl. ¶¶ 14-15.) Plaintiff's allegations reveal

5

nothing regarding the content of the work performed by the subject employees, and thus fail to provide fair notice to the City of the claims against it.[1] See Port Authority, 768 F.3d at 256. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Plaintiff's EPA claims.

### 3. Plaintiff's ADEA Claims

The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against an employee with regard to compensation, terms, conditions, or privileges of employment based on age. See 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate "(1) that she was within the protected age group; (2) that she was qualified for the position; (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010).

Plaintiff mentions the ADEA only once in her Complaint, and neglects to explain the exact nature of her claims. (Compl. ¶ 9.) Plaintiff also fails to respond in her Opposition to

---

[1] Plaintiff additionally fails to explain the legal basis under the EPA for a claim based on the wages of another female employee. (See Compl. ¶ 18.) That claim is accordingly DISMISSED WITH PREJUDICE.

6

Defendants' arguments for dismissal of her ADEA claims. (See Defs.' Mem. 4 n.4.) The Court need not address the issue of waiver, however, because Plaintiff does not allege that she raised her ADEA claims with the EEOC prior to filing suit here, as she must. See Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985) ("No action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC . . . ."). Defendants' Motion to Dismiss Plaintiff's ADEA claims is accordingly GRANTED.

    4. Plaintiff's NYSHRL and NYCHRL Claims

As the Second Circuit has recently clarified, at the pleading stage an employment discrimination plaintiff under the NYSHRL must allege that "(1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015); Johnson v. Andy Frain Servs., Inc., No. 15-1143, 2016 WL 210098, at *1 (2d Cir. Jan. 19, 2016) (applying Vega to NYSHRL claims). NYCHRL claims, by contrast, are to be broadly construed in favor of those alleging discrimination, and require Plaintiff to allege merely that she "has been treated less well than other employees because of,"

7

inter alia, age or gender. See Williams v. New York City Hous. Auth., 61 A.D.3d 62, 78 (N.Y. App. Div. 1st Dep't 2009).[2]

Plaintiff has failed to do either. Her Complaint includes no facts that could plausibly support an inference that discriminatory animus is the reason for the disparities in pay she alleges. Nor has she pled facts that would permit the Court to infer that she was similarly situated in all material respects to the coworkers who allegedly received greater compensation. Likewise, even construing her NYCHRL claims liberally, the bare factual allegations in Plaintiff's Complaint do not suggest that she was treated less well "because of" her age or gender. Accordingly, Defendants' Motion to Dismiss Plaintiff's NYSHRL and NYCHRL claims is GRANTED.

5. Leave to Amend

In her Opposition brief, Plaintiff requests leave to amend the Complaint to add more specific allegations. (Pl.'s Opp'n 5.) Permission to amend the complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be futile or would not survive a motion to dismiss. Oneida Indian

---

[2] "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013).

8

Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005).

Here, Plaintiff may be able to allege facts sufficient to save her EPA and NYSHRL/NYCHRL claims. However, an amended pleading cannot cure Plaintiff's failure to exhaust her ADEA claims, and amendment of Plaintiff's claims against the NYPD would be futile. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE except as to her claims under the ADEA and against the NYPD, which are DISMISSED WITH PREJUDICE. Plaintiff's request for leave to amend is GRANTED except as to those claims dismissed with prejudice.

9

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' 12(b)(6) Motion to Dismiss Plaintiff's EPA and NYSHRL/NYSHRL claims against the City without prejudice and with leave to amend. Plaintiff's claims under the ADEA and against the NYPD are DISMISSED WITH PREJUDICE. Plaintiff's Amended Complaint shall be submitted no later than thirty days from the date of this Order.

SO ORDERED.

DATED: February 19, 2016
New York, New York

_Deborah A. Batts_
Deborah A. Batts
United States District Judge